# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

GERALDINE MANNING,

        Plaintiff,

vs.

WESTLAND VILLIAGE SQUARE APPARTMENTS,

        Defendant.

2:19-cv-01200-JAD-VCF

**ORDER**

APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS [ECF NO. 1] AND COMPLAINT [ECF NO. 1-1]

    Before the Court is Plaintiff Geraldine Manning's Application for Leave to Proceed *in forma pauperis* (ECF No. 1) and Complaint (ECF No. 1-1). Plaintiff demonstrates an inability to pay the filing fee, but fails to state a claim upon which relief can be granted. Therefore, the Court grants her application to proceed *in forma pauperis*, but orders that her complaint be dismissed without prejudice.

## IN FORMA PAUPERIS APPLICATION

    Every potential plaintiff must pay a filling fee to commence a civil action in federal court. 28 U.S.C. § 1914(a). The Court may allow a plaintiff to proceed *in forma pauperis*, without prepayment of the filing fee, if the plaintiff can demonstrate an inability to pay or give security for the fee. 28 U.S.C. § 1915(a)(1). The presiding judge has discretion to determine whether the plaintiff is unable to pay or give security. *Lasko v. Hampton & Hampton Collections, LLC*, No. 2:15-cv-01110-APG-VCF, 2015 WL 5009787, at *1 (D. Nev. Aug. 21, 2015). The judge bases this determination on the information submitted by the plaintiff. *Id*.

    Plaintiff Manning reports receiving $775.00 per month in Social Security Income. (ECF No. 1 at 1). She also reports having a total of $300 in checking or savings accounts. (*Id*. at 2). Plaintiff reports no

other income or assets. (*Id*.). Plaintiff lists no monthly expenses, but the Court notes the complaint is based on a dispute over her rent, which could be over $700 per month. (*Id*.; ECF No. 1-1 at 2). Based on this information, the Court finds Plaintiff unable to pay or give security for the filing fee and grants her application to proceed *in forma pauperis*.

**SECTION 1915(e) SCREENING**

When the Court grants an *in forma pauperis* application, it must screen the case. 28 U.S.C. § 1915(e). The Court must dismiss a case if the action is legally frivolous or malicious, seeks monetary relief from a defendant who is immune from such relief, or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2). Relief can be granted on a claim if it contains sufficient facts that, when accepted as true, make the claim plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In making this determination, the presiding judge accepts all material allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039-42 (9th Cir. 1980).

**I.    BACKGROUND**

Plaintiff's claims arise from her interactions with Defendant Westland Village Square Apartments, where she resided from December 2017 to June 2019. (ECF No. 1-1). Plaintiff brings three claims titled, "Persecution," "Deprivation," and "Discrimination." (ECF No. 1-1 at 2-3).

In her "Persecution" claim, Plaintiff claims Defendant raised her rent after one month from $514 to $714, in violation of Defendant's rental agreement with LoveLife Family Services, a third-party who assisted with Plaintiff's housing. (ECF No. 1-1 at 2).

In her "Deprivation" claim, Plaintiff alleges Defendant erroneously and continuously demanded payment of her rent for the month of March 2019, even after she paid with late fees and even after her money order was redeemed on April 4, 2019. (*Id*.). Plaintiff claims that, on June 4, 2019, employees of

the Western Village Square Apartment Office refused her rent payment, citing an outstanding payment from March. (*Id*. at 2-3). Plaintiff attempted to explain she had not missed any rent payments, and "that's when the Security Guard got in my face," kicked her, and threw her outside. (*Id*. at 3). Plaintiff claims she suffered injuries in this altercation. (*Id*.). The next day, Plaintiff claims she again attempted to pay her rent, but "a tall white man stood out front," preventing her from entering the property. (*Id*. at 3). Plaintiff attempted to enter from "the other side," but again was denied entry. (*Id*.).

In her "Persecution" claim, Plaintiff alleges that on June 18, 2019, she and Defendants appeared at an eviction hearing before "Judge David Brown." (*Id*. at 3-4). Plaintiff claims Defendants admitted failing to give Plaintiff a 30 day notice of eviction. (*Id*.). Plaintiff claims the judge dismissed Defendants eviction case, waived the late fees, and ordered that Plaintiff should return to her apartment. (*Id.* at 4). Pursuant to this hearing, Plaintiff claims she attempted to pay her rent, but was again trespassed by Defendant's security officers. (*Id*.).

Plaintiff brings her claims under the Fourth Amendment to the United States Constitution; the Fourteenth Amendment to the United States Constitution; and the Fair Housing Act: 42 U.S.C. § 3604(a), (b), and (f)(3)(B). (ECF No. 1-1 at 1).

**II.    DISSCUSSION**

Under 42 U.S.C. § 3613(a), "[a]n aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice."

Under 42 U.S.C. § 3604(a), it is unlawful "[t]o refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." Plaintiff does not allege any facts showing that Defendant refused to negotiate for the rental of her apartment because of her

race or sex. She does state she is part of protected classes, but does not claim that any discrimination occurred because she is a member of those classes. (ECF No. 1-1 at 4). Plaintiff does not allege any facts showing Defendant made its apartments unavailable to her because of her race or sex. (ECF No. 1-1).

Under 42 U.S.C. § 3604(b), it is unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." Plaintiff does allege that Defendant raised her rent in violation of their agreement through third-party LoveLife. (ECF No. 1-1 at 2). However, she does not allege that Defendant raised her rent because of membership in a protected class. (*Id.*). Though Plaintiff states she is a member of protected classes (ECF No. 1-1 at 4), she never explicitly states that Defendant's practices are linked to her membership in those classes, *i.e.*, that Defendant acted as alleged because she is a black woman. Plaintiff does not need to prove her case at this point, but she does need to raise basic allegations in her complaint linking Defendant's actions to the Fair Housing Act's protections.

Under 42 U.S.C. § 3604(f), it is unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap." 42 U.S.C. § 3604(f)(3)(B) defines discrimination for the purposes of this subsection as "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." Plaintiff does not allege any facts showing that Defendant raised Plaintiff's rent because of her disability. (*Id.*). Plaintiff does not allege any facts showing that Defendant refused to make reasonable accommodations for her such as would be necessary for her use and enjoyment of her apartment. (*Id.*). Most importantly, Plaintiff does not allege a disability. (*Id.*). She does report income from Social Security, but does not specify that these benefits are disability benefits. (*Id.*).

Under the Fourth Amendment to the United States Constitution, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause." U.S. Const. Amend. IV. Defendant is a private entity and cannot be sued under the Fourth Amendment. *See Weiner v. San Diego Cty.*, 210 F.3d 1025, 1028 (9th Cir. 2000).

Under the Fourteenth Amendment to the United States Constitution, "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV. Defendant is a private entity and cannot be sued under the Fourth Amendment. *See Weiner v. San Diego Cty.*, 210 F.3d 1025, 1028 (9th Cir. 2000).

Accordingly, and for good cause shown,

IT IS ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall file the Complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that the Complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff shall have until September 2nd, 2019 to amend her Complaint. Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if an amended complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the amended complaint. This Court will issue a screening order on

the amended complaint and address the issuance of Summons at that time, if appropriate. *See* 28 U.S.C. § 1915(e)(2).

**<u>NOTICE</u>**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. Failure to comply with this Rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 19th day of July, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE