**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

GERALDINE MANNING,

                Plaintiff,

vs.

WESTLAND VILLIAGE SQUARE APARTMENTS,

                Defendant.

Case No. 2:19-cv-01200-JAD-VCF

**REPORT AND RECOMMENDATION FOR DISMISSAL WITH PREJUDICE**

On July 19, 2019, the Court granted plaintiff Geraldine Manning's application to proceed *in forma pauperis* and dismissed her complaint without prejudice. (ECF No. 3). The Court found that the amended complaint failed to state a claim upon which the court may grant relief. (*Id.* at 5). The Court gave plaintiff September 2, 2019 to file an amended complaint. On July 19, 2019, the Clerk's Office docketed plaintiff's original complaint. (ECF No. 4). On July 22, 2019, plaintiff filed a document called "Evidence", which appears to be a collection of her receipts from Westlake Village Square Apartments ("WVSA"). (ECF No. 5). Plaintiff did not file an amended complaint.

Plaintiff Manning's complaint arose from her from her interactions with defendant WVSA, where she resided from December 2017 to June 2019. (*Id.*) Plaintiff brought three claims titled, "Persecution," "Deprivation," and "Discrimination." (ECF No. 1-1 at 2-3). Plaintiff brought her claims under the Fourth Amendment; the Fourteenth Amendment; and the Fair Housing Act: 42 U.S.C. § 3604(a), (b), and (f)(3)(B). (ECF No. 1-1 at 1). Plaintiff did not allege that defendant made its apartments unavailable to her or raised her rent because of membership in a protected class. (ECF No. 3 at 3-4). Defendant is a private entity and cannot be sued under the Fourth Amendment. (*Id.* at 5).

This Court's Order stated that, "[f]ailure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice." For the reasons discussed in the Court's July 19, 2019 Order (ECF No. 3), plaintiff's complaint should be dismissed with prejudice.

Accordingly, and for good cause shown,

IT IS RECOMMENDED that this action be DISMISSED WITH PREJUDICE and Judgment entered, accordingly.

## NOTICE

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  (*See Thomas v. Arn*, 474 U.S. 140, 142 (1985)).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  (*See Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. Failure to comply with this rule may result in dismissal of the action.

IT IS SO RECOMMENDED.

DATED this 16th day of September 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE